IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CARLOS CAMACHO,
    Plaintiff,

vs.                                       Case No. 3:10cv254/WS/CJK

J DEMORET, et al.,
    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 1). Although plaintiff sought and was granted leave to amend his complaint (docs. 13, 14), he has notified the court (doc. 26) that he chooses to proceed on the original complaint. Upon review of the complaint, the court concludes plaintiff has not presented and cannot present an actionable claim under § 1983. Therefore, dismissal of this case is warranted.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida penal system currently confined at Suwannee Correctional Institution. He was confined at Santa Rosa Correctional Institution ("Santa Rosa CI") at the time of the events giving rise to his complaint. Named as defendants are six prison officials at Santa Rosa CI: R. Tifft, G. Davis, S.

L. Fennimore, R. W. Romine, J. Demoret and L. Hood. Plaintiff claims the defendants violated his right to due process under the Fourteenth Amendment when they charged and convicted him of a disciplinary infraction for fraud or attempted fraud. Specifically, plaintiff claims he was "wrongfully found guilty" because the evidence upon which his conviction was based – the charging officer's statement and the investigator's recommendation – failed to provide sufficient evidence of his guilt. (Doc. 1). As a result of the conviction, plaintiff spent 30 days in disciplinary confinement. (*Id*. and Attach.). The conviction was eventually overturned "based on technical errors made in the processing." Plaintiff was advised that "any necessary adjustments" would be made to his inmate file. (*Id*. and Attach.). As relief in this lawsuit, plaintiff seeks punitive damages, costs, attorneys fees and "emotional distress damages." (*Id.*).

DISCUSSION

Because plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived

from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Taking the allegations of the complaint as true and construing them in the light most favorable to plaintiff, they fail to state a plausible due process claim. The Due Process Clause prohibits state action that deprives a United States citizen of life, liberty, or property without due process of law. U.S. Const. amend. XIV. A person alleging a violation of his right to due process must establish that he was deprived of an interest cognizable under the Due Process Clause, and that the procedures attendant upon that deprivation were not constitutionally sufficient. *Kentucky v. Dep't of Corr. v. Thompson*, 490 U.S. 454. 459-60, 109 S.Ct. 1904, 104 L.Ed 2d 506 (1989); *Bd. of Regents v. Roth*, 408 U.S. 564, 571, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

The Supreme Court has held that "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement;" however, "a liberty interest in avoiding particular conditions of confinement may

arise from state policies or regulations, subject to the important limitations set forth in *Sandin v. Conner,* 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)." *Wilkinson v. Austin*, 545 U.S. 209, 221-22, 125 S.Ct. 2384, 2393, 162 L.Ed.2d 174 (2005). In *Sandin,* the Supreme Court redefined the circumstances in which a liberty interest will arise in the prison context for purposes of due process protections. *Id*., 515 U.S. at 484, 115 S.Ct. 2293. Rejecting the prior manner of searching state statutes and prison regulations for mandatory language, the Supreme Court held that due process liberty interests "will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.*, 515 U.S. at 484, 115 S.Ct. at 2300. The *Sandin* Court concluded that the inmate's disciplinary conviction did not present a case where the State's action was so severe that it essentially exceeded the sentence imposed by the court, thereby triggering the Clause of its own force. Nor did the inmate's discipline (30-day placement in disciplinary segregation) present the type of "atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin*, 515 U.S. at 485-86, 115 S.Ct. at 2301-02. As a result, the Court held that neither the prison regulation at issue nor the Due Process Clause itself afforded the inmate a protected liberty interest that would entitle him to the procedural protections set forth in *Wolff v. McDonnell*, 418 U.S. 539, 564-55, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) (holding that where a prison disciplinary hearing may result in the loss of good time credits, the inmate must receive: (1) written notice of the charges brought against him at least twenty-four hours before the hearing; (2) an opportunity, when

consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement of the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken); *see also Superintendent v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985) (holding that to sustain a disciplinary conviction, there must be "some evidence from which the conclusion of the administrative tribunal could be deduced. . . .") (internal quotation marks omitted).

"After *Sandin*, . . . the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves in relation to the ordinary incidents of prison life." *Wilkinson*, at 223, 125 S.Ct. at 2394 (quotations omitted).  Under the guidance of *Sandin*, the Eleventh Circuit has held that a Florida prisoner's confinement in administrative segregation for two months did not impose an atypical and significant hardship on the prisoner.  *Rodgers v. Singeltary*, 142 F.3d 1252, 1253 (11th Cir. 1998).  In recent unpublished opinions, the court has held that a Florida prisoner's short sentences of disciplinary confinement do not trigger due process protections. *McCiskill v. Deidrich*, No. 10-11431 (11th Cir. Aug. 4, 2010) (dismissing as frivolous appeal challenging dismissal of prisoner's § 1983 suit raising due process challenge to disciplinary conviction resulting in 30-day disciplinary confinement; plaintiff did not allege he lost gain time, and failed to allege any facts which could be liberally construed to show that the disciplinary confinement was a major disruption to his environment as compared to placement in the general population); *Smith v. Reg'l Dir. of Fla. Dep't of Corr.*, No. 09-11443, 2010 WL 447014, at *3 (11th Cir. Feb. 10,

2010) (same); *Shaarbay v. Palm Beach Cnty. Jail*, No. 09-11294, 2009 WL 3401423, at *2 (11th Cir. Oct. 23, 2009) (holding that State's placement of prisoner in disciplinary confinement for 30 days was neither "atypical" nor imposed a "significant hardship," and therefore did not constitute a due process violation; being handcuffed when out of his cell and having his access to resources monitored by guards were not a significant departure from general prison conditions); *Van Taylor v. McSwain*, No. 08-12238, 2009 WL 1636808, at *2 (11th Cir. June 12, 2009) ("Short sentences of disciplinary confinement do not tend to present the kind of 'atypical' and 'significant deprivation' to implicate the Due Process Clause absent a showing that the prisoner's isolation worked a major disruption in the inmate's environment when compared to his placement in the general population.").

Here, even liberally construing plaintiff's allegations, they fail to establish plaintiff had a constitutionally protected liberty interest that would entitle him to the procedural protections set forth in *Wolff*. The allegations of and attachments to the complaint establish he did not lose gain time as a result of the disciplinary conviction. Although plaintiff asserts he was improperly segregated, he fails to allege any facts which could be liberally construed as showing that his 30-day disciplinary confinement was so severe that it essentially exceeded the sentence imposed by the court, that the overturned conviction inevitably affected the duration of his sentence, or that it worked a major disruption to his environment as compared to placement in the general population. *Sandin*, 515 U.S. at 485-86, 115 S.Ct. at 2301-02. Because the complaint fails to state a plausible due process claim, this suit must be dismissed.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008,

1014 (11th Cir. 2005).  Here, plaintiff was provided that opportunity and declined.  Further, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).  In this case, amendment would be futile.

Accordingly, it is respectfully RECOMMENDED:

That this case be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.

At Pensacola, Florida this 18th  day of May, 2011.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).